UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| KIMBERLY ELLIS, *Administratrix of the Estate of David L. Dahms*, | ) ) | |
| | ) | Civil Action No. 3:22-CV-314-CHB |
| Plaintiff, | ) ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| DEWAYNE CLARK, *et al.*, | ) ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Motion to Dismiss filed by Defendants Valada Daniel and Alyssa Liang.  [R. 14].  Plaintiff Kimberly Ellis, administratrix of the Estate of David L. Dahms,[1] responded, and Defendants Daniel and Liang replied.  [R. 16; R. 17].  The matter is ripe for review.  For the following reasons, Defendants Daniel and Liang's Motion will be granted.

I.      **Background**

Plaintiff filed suit in Jefferson Circuit Court on July 30, 2021.  [*See* R. 1-2, p. 4].  In her original Complaint, Plaintiff described this case as "an action for damages arising from the death of" Dahms "on or about May 16, 2021, while incarcerated at the Louisville Metro Department of Corrections (hereinafter 'LMDC')."  [*Id.*].  The Complaint named as defendants Dwayne Clark,[2] then-Director at LMDC, and Unknown Defendants, who "were at all times relevant hereto, Corrections Officers, employees, medical staff, contractors, and/or agents of LMDC."  [*Id.* at 5].

In May 2022, Plaintiff was granted leave in state court to file an amended complaint.  [R. 8-1, p. 71].  Through her First Amended Complaint, Plaintiff "seeks redress, pursuant to 42 U.S.C.

---

[1] The Court will refer to Plaintiff Ellis simply as "Plaintiff" and to Dahms by his last name.

[2] According to the Notice of Removal, Defendant Clark's name is spelled "Dwayne," rather than "Dewayne" as spelled in the caption.  [R. 1, p. 1].

§ 1983, for violations of Dahms'[s] constitutional rights, as well as violations of state statutory and/or common law arising from the misuse of state or municipal power by these correctional defendants." [R. 1-2, p. 22]. Plaintiff now names as defendants: Clark; Steve Durham, Assistant Director at LMDC; Eric Troutman, Chief of Staff at LMDC; Martin Baker, Deputy Director at LMDC; Devan Simpson, Darrel McNeese, Matthew Dodsworth, Jesus Contreras, Antonio Harper, Michael Ray, Iona Caulder, Sinclair Fabor, Valada Daniel, and Alyssa Liang, described as "Jail Officers"; and Wellpath, LLC, the contracted provider of all inmate medical services at LMDC. [*Id.* at 23-24].

According to the First Amended Complaint, Dahms was taken into custody and booked at LMDC on May 14, 2021, and was held in custody there until his death on May 16, 2021. [*Id.* at 24]. Plaintiff alleges that, while in custody, "Dahms was entitled to be treated for his medical conditions, including but not limited to methamphetamine intoxication," which drugs Dahms was able to obtain while incarcerated. [*Id.* at 25, 33 ("Had the Defendants not been deliberately indifferent to the rampant drug problems at LMDC, Dahms would not have died.")]. Plaintiff also alleges that Dahms told jail staff he was experiencing mental health distress but was never evaluated by employees/agents of LMDC and that "Dahms was involved in a use of force incident with Defendant Dodsworth just hours before he was found unresponsive in his cell." [*Id.* at 25-26]. Here, Plaintiff maintains that the Coroner's Report conducted after Dahms's death at the jail "made note of several cuts and abrasions on his body" and that "[t]he failure of Defendants to perform in-person surveillance of Dahms directly contributed to [his] death." [*Id.* at 25, 27].

Relatedly, the First Amended Complaint alleges that LMDC failed to offer appropriate training to its staff as required by law, that the jail is understaffed and overpopulated, and that

"[w]idespread practices, policies, customs and decisions of LMDC Administration deprive detainees and inmates of rights guaranteed under the Fourteenth Amendment." [*Id.* at 25-27, 30].

Based on these allegations, Plaintiff pleads the following claims: assault and battery (Count I); negligence (Count II); negligence per se (Count III); wrongful death (Count IV); violation of 42 U.S.C. § 1983 – conscious culpable refusal to prevent harm (Count V); violation of 42 U.S.C. § 1983 – conditions of confinement (Count VI); and violation of 42 U.S.C. § 1983 – failure to adequately train officers (Count VII). [*Id.* at 33-42].

On June 13, 2022, "Defendants, Dwanye Clark, et al." filed a notice of removal; Wellpath consented to the removal.[3]   [R. 1, pp. 1-2].   Wellpath filed an answer to the First Amended Complaint. [R. 7].   Defendants Clark, Durham, Troutman, and Baker filed an answer [R. 12] and a motion to dismiss Plaintiff's state law claims against them in their official capacities [R. 11]. Upon the agreement of Plaintiff as to those claims, the Court granted the motion and dismissed Plaintiff's official-capacity state law claims against Defendants Clark, Durham, Troutman, and Baker.  [R. 15 (dismissing Counts II, III, and IV against those Defendants in their official capacities)].[4]

On October 7, 2022, Defendants Daniel and Liang filed the instant motion to dismiss.  [R. 14].  Through their motion, these Defendants argue that Plaintiff's state and federal claims against them are time-barred [*id.* at 3-5], that service on them was defective [*id.* at 5-6], and that the First Amended Complaint fails to state a claim against them [*id.* at 6-10].  As will be explained below,

---

[3] The state court pleadings also contain a "Combined Third-Party Complaint of Dwayne Clark against Wellpath, LLC and Intervening Complaint of Louisville/Jefferson County Metro Government against Wellpath, LLC."  [*See* R. 1-2, p. 18].

[4] In state court, Count I was also dismissed with prejudice against Defendant Clark.  [*See* R. 1-2, p. 45].

the Court agrees with the third argument by Defendants Daniel and Liang and will dismiss Plaintiff's claims against them on that ground. *See* Fed. R. Civ. P. 12(b)(6).

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a claim for failure to state a claim. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Further, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (cleaned up). Simply stated, when ruling on a motion to dismiss under Rule 12(b)(6), the Court "must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (per curiam).

## III.    Analysis

In their motion, Defendants Daniel and Liang argue three grounds for why Plaintiff's claims against them should be dismissed. First, Defendants Daniel and Liang maintain that Plaintiff's state and federal claims are time barred, based on when the action "commenced." [*See* R. 14, pp. 3-5]. Second, Defendants Daniel and Liang argue that the claims against them should be dismissed because they have not been properly served under Rule 4(m) and that granting leave to perfect service would be futile. [*Id.* at 5-6]. Third, Defendants Daniel and Liang contend that the complaint fails to state claims against them. [*Id.* at 6-10]. As mentioned above, the Court

- 4 -

agrees with Defendants Daniel and Liang's third argument.  Therefore, the Court will rely on that ground in granting Defendants' motion to dismiss and does not need to reach the other grounds presented in their motion.

As a preliminary matter, Plaintiff submits that her complaint passes muster under Kentucky's more lenient notice pleading standard because her case was originally filed in state court.  [*See* R. 16, p. 5].  Plaintiff is incorrect.  Instead, "once a complaint is removed to federal court, it is subject to the federal pleading requirements, including Rule 8 and the *Twombly–Iqbal* standard." *Tucker v. Heaton*, No. 5:14-CV-00183-TBR, 2015 WL 1884384, at *3 (W.D. Ky. Apr. 24, 2015).  "Therefore, the Court will consider [Plaintiff's] complaint according to federal pleading standards rather than those of the Commonwealth." *Id.*

Defendants Daniel and Liang's primary argument is that Plaintiff's First Amended Complaint contains insufficient factual matter to state claims against them for negligence, negligence per se, wrongful death, or violation of 42 U.S.C. § 1983 – conscious culpable refusal to prevent harm.  [*See* R. 14, pp. 6-10].  In response, Plaintiff points to one sentence from her First Amended Complaint as containing factual support for her claims: "During his confinement, Dahms told jail staff that he was experiencing mental health distress yet was never evaluated by employees and/or agents of LMDC.  Dahms was entitled to be treated for his medical conditions, including but not limited to conditions related to his mental health." [*See* R. 16, p. 6].

However, this allegation lacks any reference to Defendants Daniel or Liang and fails to describe how these two Defendants were responsible for any such evaluation or that they were even aware of Dahms's distress.  The Court can only garner that these Defendants are employees of Defendant Wellpath through the motions practice that has occurred in this case.  [*See, e.g.*, R. 14, p. 1 n.1; R. 16, p. 6].  For example, the First Amended Complaint does not specify that these

Defendants are nurses or detail how they were otherwise involved in Dahms's care (or lack thereof).

To be sure, other than listing Daniel and Liang as defendants and as individuals who were present at LMDC during the relevant time frame in a single paragraph and describing them as "Jail Officers," the First Amended Complaint does not mention these Defendants again.  [*See* R. 1-2, p. 24, ¶ 6].  Moreover, the context of Plaintiff's allegations, such as the sentence relied upon by Plaintiff above, involves too many inferential leaps for the Court to find that Plaintiff has stated claims that comport with the federal pleading standard.  A brief discussion of each claim proves this point.

Under Kentucky law, "[a] common law negligence claim requires proof of (1) a duty owed by the defendant to the plaintiff, (2) breach of that duty, (3) injury to the plaintiff, and (4) legal causation between the defendant's breach and the plaintiff's injury." *Wright v. House of Imports, Inc.*, 381 S.W.3d 209, 213 (Ky. 2012).  A review of Plaintiff's First Amended Complaint shows that it is devoid of any facts showing how Defendants Daniel and Liang were involved in of Dahms's care (or lack of care).  Further, the First Amended Complaint fails to allege that these particular Defendants were even aware of Dahms's expression of mental health distress.  Without any facts, this claim fails.  *See Iqbal*, 556 U.S. at 678.

Similarly, for a negligence per se claim under Kentucky law: "(1) the plaintiff must be a member of the class of persons intended to be protected by the regulation, and (2) the injury suffered must be an event which the regulation was designed to prevent." *Shrout v. The TFE Grp.*, 161 S.W.3d 351, 355 (Ky. Ct. App. 2005).  Although the First Amended Complaint lists regulations that Plaintiff maintains were violated, it again contains no facts discussing how the actions of Defendants Daniel or Liang violated such regulations.  Therefore, this claim also fails.

Next, KRS 411.130(1) provides in relevant part: "Whenever the death of a person results from an injury inflicted by the negligence or wrongful act of another, damages may be recovered for the death from the person who caused it, or whose agent or servant caused it." Because Plaintiff has failed, as discussed above, to state a claim against Defendants Daniel and Liang for negligence, her wrongful death claim against them must also fail.

Finally, "[t]o establish liability under 42 U.S.C. § 1983, a plaintiff must demonstrate: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that he was subjected or caused to be subjected to this deprivation by a person acting under color of state law." *Gregory v. Shelby Cnty., Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000). Importantly, a "[p]laintiff must state a plausible constitutional violation against each individual defendant—the collective acts of defendants cannot be ascribed to each individual defendant." *See Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012). In this regard, Plaintiff's First Amended Complaint is deficient. Although there are allegations of overcrowding, understaffing, rampant drug abuse, and improper training at LMDC, Plaintiff has failed to state how the actions of Defendants Daniel and Liang harmed Dahms's constitutional rights. Therefore, Plaintiff's § 1983 claim against these Defendants will also be dismissed.

## IV. Conclusion

For the foregoing reasons, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. Defendants Daniel and Liang's Motion to Dismiss [R. 14] is **GRANTED**; and

2. so that the Court may ascertain the status of service for the other Defendants in this case, Plaintiff **SHALL** file a status report in the record within **thirty (30) days** of the entry of this Order.

This the 28th day of June, 2023.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY